GARY B. BAUMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bauman v. Commissioner
Docket No. 8684-92
United States Tax Court
T.C. Memo 1993-112; 1993 Tax Ct. Memo LEXIS 110; 65 T.C.M. (CCH) 2165; March 29, 1993, Filed *110 Gary B. Bauman, pro se. For respondent: Paul K. Voelker. FAY
FAY
MEMORANDUM OPINION FAY, Judge: By statutory notice of deficiency, respondent determined a Federal income tax deficiency of $ 20,384 for petitioner's 1988 taxable year. Respondent also determined additions to tax of $ 5,096 under section [1] 6651(a)(1), $ 1,019.20 under section 6653(a)(1), and $ 1,302.50 under section 6654(a). The issues before us are: (1) Whether petitioner realized unreported income for 1988 in the amount of $ 80,288 (we hold that he did); (2) whether petitioner is liable for the addition to tax for negligence under section 6653(a)(1) (we hold that he is); (3) whether petitioner is liable for the addition to tax for late filing under section 6651(a)(1) (we hold that he is); and (4) whether petitioner is liable for the addition to tax *111 for failing to pay estimated tax under section 6654(a) (we hold that he is). A trial was held in this case on November 30, 1992, in Las Vegas, Nevada. Background
At the time the petition was filed, petitioner resided in Kingman, Arizona. Petitioner was a disabled individual who supported himself with the help of a disability pension. During 1988, petitioner received $ 8,037 as a pension from the Social Security Administration. Some time during 1988, petitioner visited El Cortez Hotel & Casino. While there, petitioner put four nickels in a progressive slot machine and won $ 73,733. Petitioner testified that he disposed of his gambling winnings as follows: I put the money in the bank, and I traveled around for, oh, nine months or a year. Then I went to Arizona and bought a mobile home on a lot for $ 20,000, and I bought a van for $ 6,500, and I bought some furniture, paid some medical bills, and basically it was gone after about a year and a half.
Petitioner also testified that he earned $ 2,537 in interest from First Interstate Bank in Arizona during 1988. Petitioner did not file a Federal income tax return for 1988. Discussion
The meaning of gross income *112 under the Internal Revenue Code sweeps broadly. Section 61 provides that "gross income means all income from whatever source derived," subject only to the exclusions specifically enumerated elsewhere in the Code. The Supreme Court has repeatedly held that, in defining "gross income" as broadly as it did, Congress intended to tax all gains except those specifically exempted. . Petitioner, in his testimony, admitted the receipt of income from the sources, and in the amounts, as set forth by respondent. Petitioner's only argument is that his gambling winnings are not subject to income tax. Petitioner testified that he had "always heard that if you're on Social Security disability and you hit a jackpot, it was -- well, you didn't have to pay any income tax." We find petitioner's argument to be misguided. Gambling winnings are includable in gross income. ; . Accordingly, after reviewing respondent's computations in the deficiency notice, *113 we sustain respondent's determination. Negligence
Negligence under section 6653(a)(1) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Respondent's determination that petitioner's underpayment of tax was due to negligence or intentional disregard of the rules or regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." , affg. . Petitioner therefore bears the burden of proving that he is not liable for the additions to tax. Rule 142(a); ; . Petitioner's testimony, even if found to be credible by this Court, is not legally sufficient to relieve petitioner of this addition to tax. Accordingly, we uphold respondent's determination. Failure to File
Respondent determined that petitioner *114 is liable for an addition to tax under section 6651(a)(1) for 1988 for failing to file his return. Petitioner bears the burden of proving that his failure to file a timely return is due to reasonable cause and not willful neglect. . Petitioner presented no evidence whatsoever on this issue. Thus, we sustain respondent's determination. Failure to Pay Estimated Taxes
In respondent's notice of deficiency, respondent determined that petitioner was liable for the addition to tax pursuant to section 6654(a) for failure to pay estimated income taxes. Petitioner has the burden of proving that he is not liable for this addition to tax. Rule 142(a); . Petitioner has failed to introduce any evidence indicating that respondent's determination is erroneous. Accordingly, we conclude that petitioner is liable for the addition to tax under section 6654(a). See Rule 142(a). Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩