T.C. Summary Opinion 2002-120

UNITED STATES TAX COURT

CALVIN E. AND CAROL D. NEYMEYER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12161-00S.          Filed September 18, 2002.

Calvin E. and Carol D. Neymeyer, pro se.

Kathleen C. Schlenzig, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,065 in petitioners' 1998 Federal income tax.  The issues are whether petitioner Carol D. Neymeyer (petitioner) is entitled to deduct gambling losses as

---

[1]  Section references are to the Internal Revenue Code in effect for the year in issue.

expenses of a trade or business under section 162, or, in the alternative, under section 165.[2]  Petitioners resided in Clinton, Iowa, at the time the petition was filed.

### Background

The facts may be summarized as follows.  Prior to 1998, petitioner enjoyed "off and on" or "vacation" gambling in Nevada with her husband.  At that time petitioner was a housewife.  In 1998, petitioner decided that she could "make some money" gambling.  She began playing the slot machines at a local riverboat casino (primarily the Mississippi Bell II) and financed her playing primarily with cash advances from credit cards.  On two occasions she won sufficient money for the casino to issue Forms W-2G, Certain Gambling Winnings, to petitioner reporting winnings of $2,500 and $2,000.[3]  In September or October 1998, petitioner "looked at her records" and realized that she was going into debt.  She decided to quit gambling, get a job, and pay off the accumulated debt.

Petitioners did not report the $4,500 on their joint 1998 Federal income tax return.  Petitioners claimed the standard

---

[2]  Respondent adjusted the taxable amount of Social Security benefit that was received and reported.  Petitioners have not challenged that adjustment.

[3]  It appears that petitioner won an additional $2,000 for which a Form W-2G was issued.  Respondent, however, included only $4,500 in the notice of deficiency and has not asserted an increased deficiency.

deduction for married filing jointly on their 1998 return.  Upon examination, respondent included the $4,500 in petitioners' gross income.  Petitioners contend that petitioner was in the trade or business of gambling and that her losses exceeded the amount of income she realized from gambling.

## Discussion

Section 61(a) defines gross income to mean all income from whatever source derived.  Winnings from slot machines are includable in gross income.  See Bauman v. Commissioner, T.C. Memo. 1993-112.  Section 162(a) allows deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  The initial issue here is whether petitioners' gambling activity constituted a trade or business.  If petitioner were engaged in a trade or business of gambling, losses, to the extent that they would be deductible under section 165(d), would be deducted in computing adjusted gross income.  See sec. 62.  On the other hand, if petitioner were not in a trade or business of gambling, her losses would be deductible as an itemized deduction.

To be engaged in a trade or business within the meaning of section 162(a), an individual must be involved in the activity with continuity and regularity and the primary purpose for engaging in the activity must be for income and profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).  Whether a

taxpayer is carrying on a trade or business requires an examination of all the facts in each case. Higgins v. Commissioner, 312 U.S. 212, 217 (1941).

Petitioner's gambling activity in 1998 consisted of playing the slot machines in Iowa on approximately 66 days during the 274-day period from January to September 1998, and taking two short trips to Nevada where she also played the slot machines. Prior to commencing the activity, petitioner did not consult with any professional gamblers or do any research concerning professional gambling. She did not know whether she was required to have a professional gambling license. Petitioner claims that she kept records of her winnings and losses in a notebook; she, however, destroyed those records when she abandoned the gambling activity in the fall of 1998. The only records of her activity are credit card statements showing cash advances at the casinos that she visited and casino records from the Mississippi Belle II.

We do not find that petitioner's activity was continuous or regular, and, while petitioner certainly desired to win money, she did not engage in the activity for the primary purpose of income and profit. Indeed, for example, the destruction of her records cuts across the suggestion that she considered herself to be in the trade or business of gambling. Rather, petitioner's activity more resembles a diversion than a professional

engagement.  A sporadic activity, hobby, or an amusement diversion does not qualify as a trade or business.  Commissioner v. Groetzinger, supra at 35.  In sum, petitioner was not engaged in the trade or business of gambling in 1998.

Turning to a wagering loss deduction, we are willing to assume that petitioner lost more than she won.  Section 165(d), however, provides that "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions."  Petitioners claimed the standard deduction on their 1998 Federal income tax return.  The standard deduction amount claimed on the return and allowed ($7,950) exceeds the amount of the gambling losses ($4,500) that would be allowable, and petitioners have not established that they had other itemized deductions greater than $3,450, the difference between the amount allowed and the loss.  Accordingly, petitioners are not entitled to a separate deduction for gambling losses.  See Umstead v. Commissioner, T.C. Memo. 1982-573; Carter v. Commissioner, T.C. Memo. 1976-23.  Respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.
